UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:  Case No. 12-31668
 Chapter 13
TERESA L. TRAILER,

    Debtor.

_____

TERESA L. TRAILER,

    Plaintiff,

v.  Adv. Proc. 12-03117

TROY UNIVERSITY,

    Defendant.

## MEMORANDUM OPINION

    In this complaint, Teresa L. Trailer (hereinafter "Trailer") contends that Troy University (hereinafter "Troy") willfully violated the automatic stay of 11 U.S.C. § 362. According to Trailer, Troy violated the stay by refusing, in an effort to collect a prepetition debt and with knowledge of the bankruptcy, to release a transcript of her academic record. For the following reasons, judgment will enter in favor of Trailer finding that Troy willfully violated the automatic stay.

### Jurisdiction

    The court's jurisdiction in this adversary proceeding derives from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because this matter concerns an alleged violation of the automatic stay, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Factual Findings

No evidentiary hearing was held regarding this dispute. Instead, the parties have filed a joint stipulation of relevant facts (Doc. #13). The court adopts those facts as the facts in this case and summarizes them as follows.

Trailer filed a chapter 7 petition for relief in this court on July 5, 2012.[1] She listed Troy as an unsecured creditor in the case, and Troy was given notice of the bankruptcy filing. Although Troy was listed as a creditor, Trailer received a Stafford student loan funded through Kentucky Higher Education Authority and not through Troy which merely administered the loan. Trailer admits that this claim is a nondischargeable student loan.

Sometime after filing the bankruptcy case, Trailer requested that Troy provide her with an official transcript of her academic record at the University offering to pay the ordinary and customary charges for preparation and certification of the transcript. In accordance with its policies and procedures and with the student handbook, Troy refused Trailer's transcript request because of the unpaid prepetition debt.

## Conclusions of Law

This case presents the court with the sole legal issue of whether Troy, with knowledge of Trailer's bankruptcy, willfully violated the automatic stay by withholding Trailer's academic transcript in order to collect a prepetiton debt.

The automatic stay prevents any entity from undertaking "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." *See* 11 U.S.C. § 362(a)(6). Where the violation of the stay is willful, the debtor may pursue a claim for actual damages, including attorney fees, and in appropriate circumstances, punitive damages. *See* 11 U.S.C. § 362(k)(1).

In this circuit, "willfulness generally connotes intentional action taken with at least callous indifference for the consequences." *Jove Engineering, Inc. v. Internal Revenue Service*, 92 F.3d 1539, 1555 (11th Cir. 1996) (quoting *Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1535

---

[1] The case subsequently converted to one under chapter 13 on October 16, 2012.

(11th Cir. 1986)). The standard for a willful violation of the automatic stay is met if the defendant has knowledge of the stay and intends the actions which constitute the violation. *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir. 1989). It does not require a specific intent to violate the stay. *Id.* Once notified by the debtor of the bankruptcy filing, a creditor has the responsibility to refrain from acts which constitute stay violations. *Mitchell Const. Co., Inc. v. Smith (In re Smith)*, 180 B.R. 311, 319 (Bankr. N.D. Ga. 1995).

The stay remains in effect until (1) the case is closed, (2) the case is dismissed, or (3) a discharge is granted or denied. *See* § 362(c)(2). In the case *sub judice,* none of these events, which would terminate the stay as a matter of law, have occurred thus far. It makes no difference that the debt in question here, a student loan, is presumptively nondischargeable. Educational loans are not exceptions to the automatic stay. *Andrews University v. Merchant*, 958 F.2d 738, 743 (6th Cir. 1992).

In the case at bar, it is undisputed that Troy had knowledge of Trailer's bankruptcy and of the accompanying automatic stay when it refused her request for a transcript. Because Trailer had offered to pay the customary fee for the transcript preparation and certification, Troy's only motive in withholding the transcript was to pressure the debtor into paying a prepetition debt. Therefore, Troy's action constitutes a willful violation of the automatic stay. *See In re Gustafson*, 111 B.R. 282 (9th Cir. BAP 1990), rev'd. on other grounds 934 F.2d 216 (9th Cir. 1991) (holding that a university violated the stay by withholding a debtor's transcript); *In re Walker*, 336 B.R. 534 (Bankr. M.D. Fla. 2005); *In re Parham*, 56 B.R. 531 (Bankr. E.D. Va. 1986); *In re Reese*, 38 B.R. 681 (Bankr. N.D. Ga. 1984); *In re Ware*, 9 B.R. 24 (Bankr. W.D. Mo. 1981); *In re Heath*, 3 B.R. 351 (Bankr. N.D. Ill. 1980); *In re Howren*, 10 B.R. 303 (Bankr. D. Kan. 1980).

Conclusion

For the foregoing reasons, a separate order will enter finding a willful violation of the automatic stay and requiring Troy to provide Trailer with her academic transcript once Trailer tenders the customary, requisite fees. Because nothing in the stipulated facts evidences that the debtor suffered actual damages, other than attorney fees, no actual damages will be awarded. Trailer's attorney may file a statement of his reasonable fees no later than fourteen days from the date of this memorandum opinion. Troy will have 14 days thereafter to file an objection to Trailer's counsel's statement of fees, if any it has, and if it does so, the matter will be set for hearing.

Done this the 18th day of March, 2013.

                                                      /s/ Dwight H. Williams, Jr.
                                                      United States Bankruptcy Judge

c: Vincent R. Ledlow, Planitiff's Attorney
   Frank P. Ralph, Defendant's Attorney
   Trustee